**In the Matter of Edward & Grace GREGORY, Debtors.**

**Bankruptcy No. 80 B 10226.**

United States Bankruptcy Court, S. D. New York.

Feb. 4, 1981.

Salzman, Ingber & Winer, New York City, for debtors.

Peter Deutsch, Brooklyn, N. Y., for creditor.

Irving Picard, New York City, U. S. Trustee.

## MEMORANDUM & ORDER

JOHN J. GALGAY, Bankruptcy Judge.

On December 3, 1980, this Court held the hearing required by Section 1324 of the Bankruptcy Code, 11 U.S.C. § 1324, to determine whether the plan proposed by Edward & Grace Gregory (Debtors) could be confirmed. By its terms the plan deals only with three secured debts—a tax claim of the I.R.S., and arrearages on the first and second mortgages on the Debtors' residence, all of which are to be paid in full. Regular monthly mortgage payments are to be paid outside the plan.

Empbanque Capital Corp. (Empbanque), the first mortgagee, has objected to the plan claiming that its security interest is not adequately protected. The plan, as presently proposed, requires the Debtors to pay Empbanque $253.44 per month for the

next 60 months on an arrearage in mortgage payments of $15,206.97. Empbanque asserted that it would accept a plan which delayed satisfaction of these past due payments only if interest at the mortgage rate was paid on these arrears, as well as attorneys' fees of $814.00 for a foreclosure proceeding which had been commenced prior to the filing of the petition. Empbanque had begun an adversary proceeding to lift the automatic stay under Section 362(d) so that the foreclosure proceeding could continue, but that action was withdrawn, without prejudice, on October 6, 1980.

Upon the recommendation of the U. S. Trustee that the plan was feasible, and after a showing that the plan otherwise complied with the criteria set forth in Section 1325, this Court confirmed the plan reserving the questions raised as to interest on the arrearage and the requested attorneys' fees. The Debtors' budget showed an ample cushion which could accommodate additional payments over the period of this extension plan.

■ Section 1322 outlines the contents of a Chapter 13 plan. Subsection (b)(2) permits a plan to modify the rights of secured creditors except where the security interest is in real property which is the principal residence of the debtor. If Empbanque did not consent to the deferred payment of the amounts already in default, the plan could not be confirmed.

Under the mortgage contract, in this case, upon default the mortgagee has the right to demand from the mortgagor any payments due, including reasonable attorneys' fees, with interest at the rate provided in the mortgage bond. (Contract at Paragraph 15). The bond provides for interest to be paid at 7% per year. The Debtors will continue to pay their monthly mortgage payments as they become due, so the only question to be determined is whether Empbanque retains the right to collect the interest and attorneys' fees awarded by the mortgage contract when a plan to cure the mortgage default is proposed.

■ Section 1325(a)(5) presents alternative methods for treating allowed secured claims under a plan. Subsection (A) deals with secured creditors who accept the plan, while (B) and (C) deal with objecting creditors. As the Debtors wish to retain the property, the plan provisions must be judged in light of Section 1325(a)(5)(B) which reads as follows:

with respect to each allowed secured claim provided for by the plan—

(i) the plan provides that the holder of such claim retain the lien securing such claim; and

(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim.

Since under Section 1322, as previously mentioned, the rights of Empbanque as mortgagee of the Debtors' residence cannot be modified by the plan, Empbanque's mortgage lien remains in place as to the principal amount of the mortgage which remains unpaid. Additionally, under the mortgage contract at Paragraph 15 any sums due as a result of default under the terms of the contract, plus interest, become a lien against the premises "prior to any other lien attaching or accruing subsequent to the lien of this mortgage."

■ But under subsection (ii) the plan must also provide Empbanque with the value of its claim as of the effective date of the plan. No valuation hearing was necessary as this plan deals only with priority creditors. There is as yet no consensus as to how such value should be provided, but as one court concluded,

[t]he present value of such claim is the amount the creditor would realize if he had in his hands the principal amount which is due and owing as of the effective day which produces a return on his investment for a period equal to the extension proposed in the debtor's plan. Congress contemplated that the courts would fix an appropriate discount rate to the allowed amount of the secured claim.

*In re Smith,* 4 B.R. 12, 13, 2 C.B.C.2d 77, 79 (Bkrtcy.E.D.N.Y.1980). See also *In re Ruby Weaver,* 5 B.R. 522, 2 C.B.C.2d 315 (Bkrtcy. N.D.Ga.1980); *In re Earnest Lum,* 1 B.R. 186, 1 C.B.C.2d 95 (Bkrtcy.E.D.Tenn.1979). Empbanque has consented to a granting of interest on the arrearages to be paid over the five year period at the rate of 7% per year. Based on the interest rates prevailing in today's market, this proposal is certainly in the best interests of the Debtors. Were this Court required to determine the actual value of money discounted over the period of this plan, no doubt the rate would be different. As Empbanque would have a right to interest based on its mortgage contract and as compensation to account for the discount of money received in installment payments under section 1325 of the Bankruptcy Code, the Debtors' plan must be amended to provide for interest payments of 7% per year on the arrearages to be paid out under the plan.

As Empbanque has the right to recover reasonable attorneys' fees under the mortgage contract, the Debtors' plan must also be amended to provide for the payment of $814.00 in counsel fees over the length of the plan.

Confirmation of the Debtors' present plan was granted on December 3, 1980 subject to this Court's determination of Empbanque's right, as a secured creditor, to interest and attorneys' fees. Finding that these additional payments are mandated by Section 1325(a)(5) of the Code, 11 U.S.C. § 1325, this Court must deny confirmation. Leave is hereby granted for the filing of an amended plan within 15 days in conformance with this opinion, at which time an order of confirmation will be granted without further hearing.

It is so ordered.