780 F.2d 894
 13 Collier Bankr.Cas.2d 121, Bankr. L. Rep. P 70,635
In re Ben W. TERRY, et al., Debtors.
FOSTER MORTGAGE CORPORATION, Plaintiff-Appellant,
v.
Ben Watt TERRY and Cheryl Eileen Terry, Defendants-Appellees.
In re Willie J. BIBBS, Debtor.
F & M MORTGAGE CORPORATION, Plaintiff-Appellant,
v.
Willie J. BIBBS, Defendant-Appellee.
In re E.Z. CARR, Debtor.
FIRST FAMILY MORTGAGE CORPORATION, Plaintiff-Appellant,
v.
E.Z. CARR, Defendant-Appellee.
 No. 84-8601.
 United States Court of Appeals,
Eleventh Circuit.
 July 12, 1985.
As Modified on Denial of Rehearing
Jan. 30, 1986.
 
 Thomas E. Prior, Atlanta, Ga., for plaintiff-appellant.
 James D. Hollingsworth, Decatur, Ga., for Terry.
 Paul C. Parker, Rose Higby Staples, Decatur, Ga., for W.J. Bibbs and E.Z. Carr.
 Appeal from the United States District Court for the Northern District of Georgia.
 Before RONEY and HILL, Circuit Judges, and TUTTLE, Senior Circuit Judge.
 RONEY, Circuit Judge:
 
 
 1
 In these cases we hold that under Chapter 13 of the Bankruptcy Code, a secured creditor who holds a security interest in the debtor's principal residence is not entitled to receive interest on arrearages, unless the mortgage contract so provides, when the debtor seeks to cure default and reinstate the mortgage.
 
 
 2
 This appeal consolidates the cases of three debtors in which the essential facts are similar. The lender appellants held mortgages on the debtors' homes. With several monthly installments unpaid, the debtors filed Chapter 13 proceedings, which prevented acceleration and foreclosure of the mortgages. The mortgages were over-secured. The lenders filed claims not only for the unpaid principal, accrued interest on that unpaid principal, late charges, foreclosure costs, and attorney's fees, but for interest on the unpaid installments from the date those installments were due. It is this last claim that the district court denied and that is the subject of this appeal.
 
 
 3
 As is usual in bankruptcy cases, these cases are plagued with technical arguments, many of which involve the basic justice or injustice of interest on arrearages. Much of the lenders' argument goes to the time value of money and the loss of income to lenders if interest is not allowed on arrearages. There is simply no right or wrong to this argument. The question is not whether it is a valuable right to receive interest on unpaid installments, but whether the lenders are entitled to it under the law. In the correct analysis, the issue turns the language of two provisions of the Bankruptcy Code and what Congress intended thereby. In our judgment, the bankruptcy court in its well reasoned opinion worked the analysis correctly by giving the lenders precisely what their contracts required, except for the right to accelerate. In re Carr, 32 B.R. 343 (Bankr.N.D.Ga.1983); 36 B.R. 381 (Bankr.N.D.Ga.1984), aff'd, Nos. C84-338A, C84-410A, C84-343A (N.D.Ga. June 18, 1984).
 
 
 4
 Residential mortgage lenders receive unique treatment in the Bankruptcy Code. Chapter 13 permits a considerable amount of adjustment in debts and debt contracts of individuals who file and obtain approval of plans to pay off debts in deferred cash payments. The plan may even modify secured debts, except those secured by the debtor's home, under 11 U.S.C.A. Sec. 1322(b)(2). That section, providing for the contents of a plan, specifies that a plan may
 
 
 5
 modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence....
 
 
 6
 11 U.S.C.A. Sec. 1322(b)(2). This prohibition against modifying the rights of residential mortgage holders is itself modified by a subsequent provision that permits a plan to provide for the curing of defaults in such mortgages on which the last payments would be due after the final payment under the plan. 11 U.S.C.A. Sec. 1322(b)(5) provides that the plan may:
 
 
 7
 notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due; ...
 
 
 8
 Reading these two sections together, then, we hold that residential mortgages that would otherwise permit the lender to declare the entire debt presently due, may be modified by the plan to cure the default and reinstate regular installment payments. See In re Clark, 738 F.2d 869, 872-74 (7th Cir.1984); Grubbs v. Houston First American Savings Ass'n, 730 F.2d 236 (5th Cir.1984) (en banc); In re Taddeo, 685 F.2d 24, 28 (2d Cir.1982); In re Carr, 36 B.R. at 384, n. 6; but see In re Seidel, 752 F.2d 1382 (9th Cir.1985). In each of the cases at bar, the mortgages provided for long term amortization with the final installments due well beyond the time permitted by Chapter 13 for final payments to creditors under the plan.
 
 
 9
 The lender appellants do not claim that they can accelerate their mortgages under the Code, nor do they claim their mortgage contracts provide for interest on unpaid installments. They base their claim for interest on arrearages on another section of the Code to argue that they are entitled to what they call the "present value" of the defaulted installments, which value, they contend, would include interest from the effective date of the debtor's Chapter 13 plan to the time the mortgage arrearage is finally paid through the Chapter 13 case. They rely on 11 U.S.C.A. Sec. 1325, which provides that the bankruptcy court shall confirm the debtor's plan with respect to each allowed secured claim provided for by the plan, where the plan provides that the holder of the secured claim retains a lien on the property if:
 
 
 10
 the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; ...
 
 
 11
 11 U.S.C.A. Sec. 1325(a)(5)(B)(ii).
 
 
 12
 It is true, as the lenders contend, that this section has been held to require the debtor to pay over-secured creditors an additional amount for the time value of money. See Memphis Bank & Trust Co. v. Whitman, 692 F.2d 427 (6th Cir.1982); In re Corliss, 43 B.R. 176 (Bankr.D.Or.1984). This present value, or "value, as of the effective date of the plan" is determined by allowing interest on past due installments. We hold, however, that this section is inapplicable to residential mortgages.
 
 
 13
 The legislative history indicates that section 1322(b) was intended to create a special exception to section 1325(a)(5)(B). That the latter section, intended for those creditors whose rights may be modified or whose collateral is subject to rapid depreciation, is irrelevant to a claim such as this one. See In re Simpkins, 16 B.R. 956 at 963-66, 6 C.B.C.2d 1081 at 1089-92 (E.D.Tenn.1982). The district court correctly perceived that allowance of section 1325(a)(5)(B)(ii) interest under these facts would constitute a modification of the mortgage contract prohibited under section 1322(b)(2). In any event, the benefits for the special treatment of home mortgages which both prohibits discharge of the long term portion of the mortgage debt under 11 U.S.C.A. Sec. 1328(a)(1) and prevents modification except as to cure and reinstatement, and the reasons therefor militate against permitting the mortgagee to receive more cash from the debtors than is provided in the contract.
 
 
 14
 The answer to the lenders' arguments that they should receive interest on arrearages lies not in a strained interpretation of the Bankruptcy Code, but in their own contracts. If their contracts had provided for such interest, the bankruptcy court would have given it to them under the prohibition against modification in Sec. 1322(b)(2). Their contracts made no such provision. In a straight Georgia foreclosure, the creditors would not be entitled to a judgment for interest on the unpaid installments to the extent they were interest. O.C.G.A. 7-4-17.
 
 
 15
 We note that the Sixth Circuit, in a 2 to 1 decision, has reached a contrary decision. In re Colegrove, 771 F.2d 119 (6th Cir.1985).
 
 
 16
 AFFIRMED.