**In re OKLAHOMA ASSOCIATES, a Pennsylvania limited partnership, Debtor.**

Bankruptcy No. 88–00820.
Motion No. 88–2349–M.

United States Bankruptcy Court, W.D. Pennsylvania.

Dec. 1, 1988.

Stanley G. Makoroff, Lampl, Sable, Makoroff & Libenson, Pittsburgh, Pa., trustee.

Eric A. Schaffer, Reed Smith Shaw & McClay, Pittsburgh, Pa., for Missouri State Employees Retirement System.

Kenneth M. Steinberg, Steidl & Steinberg, Pittsburgh, Pa., for debtor.

## MEMORANDUM OPINION AND ORDER

JUDITH K. FITZGERALD,
Bankruptcy Judge.

The matter before the court is a Motion for Relief from Stay and Other Relief filed on behalf of Missouri State Employees Retirement System (MSERS) against Oklahoma Associates, a Pennsylvania limited partnership (Debtor). The facts are as follows.

In 1984 MSERS obtained a mortgage to secure a debt for $1.9 million against certain commercial real estate known as the Pythian Building in Tulsa, Oklahoma. At the same time Debtor executed an assignment of leases and rents. Both the mortgage and the assignment were recorded in Tulsa County, Oklahoma. Early in 1987 the Debtor defaulted on its mortgage obligations and on March 1, 1987, MSERS instituted a judicial foreclosure sale. On March 25, 1987, a receiver was appointed in accordance with Oklahoma law to collect the rents. In November of 1987 MSERS obtained a judgment in an amount in excess of $1.8 million. In January of 1988 the Debtor filed a Chapter 11 bankruptcy petition in the Western District of Pennsylvania. The next day, without notice of the bankruptcy, MSERS purchased the property at a sheriff's sale in Oklahoma for $1.7 million.

After learning of the bankruptcy MSERS filed a motion for relief from stay or to dismiss the case. In March of 1988, the court granted relief from stay, validated the Oklahoma sheriff's sale and dismissed

the Chapter 11 petition, finding that there was no hope for effective reorganization and that Debtor had filed the Chapter 11 to "abuse or misuse the reorganization process under the Bankruptcy Code." *See* Order of March 1, 1988, at Bankruptcy No. 88–00156, Motion No. 88–0575–M. On March 22, 1988, the Oklahoma court confirmed the foreclosure sale and directed the sheriff to execute a deed to MSERS. On March 24, 1988, MSERS recorded the sheriff's deed in Tulsa County, Oklahoma, several hours after Debtor filed the instant Chapter 7 petition. On April 18, 1988, MSERS filed a § 546(b), Title 11 U.S.C., notice of interest in property and a motion for relief from stay requesting an order excusing the Oklahoma receiver from compliance with § 543 of the Bankruptcy Code or directing the Trustee to abandon the funds held by the receiver.

■ The court finds that MSERS is entitled to relief from stay. According to Oklahoma law, an assignment of rents clause is valid, at least with respect to mortgage transactions not involving consumer loans. *See* 46 Okla.Stat. § 4. The Trustee is correct in that § 4 does not establish the priority right of a mortgagee to rents; however, in the instant case there is no dispute that MSERS is the first lienholder and that absent the filing of this bankruptcy, would be entitled to all the rents. The only question is whether MSERS or the Trustee is entitled to the rents collected between the time of the sheriff's sale and the recording of the deed. Under Oklahoma law, MSERS' lien on the rents was perfected by the recording of the assignment of rents agreement, and its right to the rents vested upon the appointment of the receiver.

On the basis of 11 U.S.C. §§ 544 and 552(b), the Trustee asserts that he is entitled to the rents collected during the time period in question. Section 544 provides in pertinent part:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by ... (3) a bona fide purchaser of real property ... from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

Section 552(b) provides:

Except as provided in section ... 544 ... if the debtor and an entity enter into a security agreement before the commencement of the case and if the security interest created by such security agreement extends to property of the debtor acquired before the commencement of the case and to ... rents ... then such security interest extends to such ... rents ... acquired by the estate after the commencement of the case to the extent provided by such security agreement and by applicable nonbankruptcy law, except to any extent that the court, after notice and a hearing and based on the equities of the case, orders otherwise.

The Trustee argues that the equities of this case require that relief from stay be denied because only the bankruptcy court has jurisdiction over all possible claimants to the fund in the hands of the receiver.

A search of Oklahoma case law has not revealed recent appellate authority in this area, but MSERS brought to the attention of this court an opinion from the United States District Court for the Northern District of Oklahoma. In the case of *Virginia Beach Federal Savings & Loan Assoc. v. Wood, et al.*, Nos. 87–C–364–E, 87–C–514–E, consolidated (N.D.Okla. February 16, 1988), the mortgagee, which had recorded an assignment of rents, instituted foreclosure proceedings but, prior to the sheriff's sale, the mortgagor filed a bankruptcy petition. Shortly thereafter, the mortgagee filed a notice of interest in property pursuant to § 546(b) of the Bankruptcy Code. The district court held that by so doing, the mortgagee perfected its interest in the rents and that the mortgagee's inter-

est took priority over those of a bona fide purchaser or a judicial lien creditor from the time the § 546 notice was filed. The court commented that had a receiver been appointed before the filing of the bankruptcy the mortgagee would have been entitled to the rents and "to deny [mortgagee] protection of rights it clearly had available as a mortgagee ... would be patently unfair." Slip op. at 6. In the case at bench the receiver was appointed prepetition and MSERS' right to the rents vested thereby. Although the instant case differs in that the sheriff's sale occurred and was confirmed prepetition, it is the opinion of this court that the result is the same and the Trustee is not entitled to the rents.[1]

■ Section 18 of Title 42 of the Oklahoma Statutes provides that "[e]very person having an interest in property subject to a lien, has a right to redeem ... at any time ... before his right of redemption is foreclosed." The Oklahoma state and bankruptcy courts have held that the right of redemption ceases to be exercisable once a sheriff's sale is confirmed by court order. See In re Anderson, 73 B.R. 993, 996 (Bankr.W.D.Okla.1987), citing Lincoln Mortgage Investors v. Cook, 659 P.2d 925 (Okla.1982); Mills v. Reneau, 411 P.2d 516, 520 (Okla.1965). See also, In re Klapp, 80 B.R. 540 (Bankr.W.D.Okla.1987). Thus, Debtor's rights and interest in the real estate and rents ceased to exist two days prepetition when the Oklahoma court entered the order confirming the sheriff's sale.[2] Property in which the Debtor has no interest as of the date of filing of the petition is not property of the estate and, therefore, the Trustee has no rights to it. See 11 U.S.C. § 541. Although the deed to MSERS had not been recorded as of the moment of filing of the bankruptcy petition, the interest of the purchaser at the sheriff's sale provided by the above referenced provisions of Oklahoma law cannot be defeated by the Trustee.

An appropriate Order will be entered.

### ORDER

And now, to-wit, this 1st day of December, 1988, for the reasons expressed in the Memorandum Opinion of this date, it is ORDERED that:

(1) the Motion for Relief from Stay and Other Relief filed on behalf of the Missouri State Employees Retirement System is GRANTED;

(2) the automatic stay is hereby terminated to enable MSERS to pursue its claim to the receivership funds and to enable the receiver to file a final accounting, distribute the receivership funds in accordance with an order of the Oklahoma court, and to apply for and receive a discharge of the receivership bond;

(3) MSERS may enforce any and all of its rights in and to the funds held by the receiver.

---

1. Cf. In re Allegheny Int'l Inc., 93 B.R. 907 (W.D.Pa.1988) (relation back of perfection under state law).

2. Under Oklahoma law, upon the appointment of a receiver, the mortgagee is entitled to all the rents until its debt is satisfied. The Debtor would have a claim to rents only if there existed an amount in excess of that due to the mortgagee. 46 Okla.Stat. § 4 A. Such a situation cannot exist in this case because any inchoate right of the Debtor to the rents was extinguished when the Oklahoma court entered the order confirming the sheriff's sale. The Trustee's argument that unsecured creditors' rights will be prejudiced, therefore, is without merit.

Further, § 13 of Title 25 of the Oklahoma Statutes provides that one "who has actual no-

tice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, and who omits to make such inquiry with reasonable diligence, is deemed to have constructive notice of the fact itself." A reasonable person searching a title would check the judgment index and would become aware of the fact of the sheriff's sale. In Oklahoma, therefore, such a person would not be deemed a bona fide purchaser who could defeat the interests of the actual purchaser at the sheriff's sale. Cf. McCannon v. Marston, 679 F.2d 13, 16–17 (3d Cir.1982) (strongarm clause of 11 U.S.C. § 544 does not invalidate constructive notice provisions of state law which would defeat bona fide purchaser status). Accordingly, the Trustee cannot defeat MSERS' rights to the rents.