In re **Lonnie D. LATIMER, Tammy L. Latimer, Debtors.**

No. CIV–88–420–T.

Bankruptcy No. 87–08435–TS.

United States District Court, W.D. Oklahoma.

Jan. 17, 1989.

Stanley S. Parsons, Oklahoma City, Okl., for debtors.

Lawrence A.G. Johnson, Johnson & Swenson, Tulsa, Okl., for Jim Walter Homes, Inc., appellant.

## ORDER

RALGH G. THOMPSON, District Judge.

This is an appeal of the Bankruptcy Court's approval of a plan filed pursuant to Chapter 13 of the Bankruptcy Code. The appellant, Jim Walter Homes, Inc. (JWH), argues that the Bankruptcy Court erroneously interpreted certain provisions of Chapter 13 and that, as a result, the plan here at issue should be modified. The appellees, Lonnie and Tammy Latimer, have responded, and the issues presented are ready for a determination.

### FACTUAL BACKGROUND

The Latimers filed a voluntary petition under Chapter 13 of the Bankruptcy Code on November 20, 1987. In their schedule of creditors holding security, they listed the appellant, JWH, as holding a $30,000 first mortgage on their home. They stated that the monthly payment on this mortgage was $256.50 and that they were six months in arrears. They proposed a Chapter 13 plan under which they would pay $460 a month to the Trustee for a period of 36 months. The Trustee would then distribute the monies in the manner specified by the plan.

On December 7, 1987, JWH filed an objection to the Latimer's proposed plan. JWH stated that, upon the Latimer's failure to pay the monthly installments due under the promissory note accompanying the mortgage, it had invoked the note's acceleration clause, declared the entire amount of the Latimers' indebtedness to be immediately due and owing, and obtained a judgment to this effect. In light of this acceleration, JWH argued that the plan's failure to declare the entire amount of the Latimers' indebtedness to be immediately due and owing was erroneous. JWH further objected to the plan's failure to state that it was entitled to interest on the Latimers' late monthly payments under the subject note.

On February 19, 1988, the Bankruptcy Court entered an order approving the plan proposed by the Latimers. JWH now argues that this approval was erroneous for the same reasons set forth in its initial objection to the plan.

### CURE OF AMOUNTS IN DEFAULT UNDER 11 U.S.C. § 1322(b)

JWH first argues that the subject plan's failure to declare the entire amount of the Latimers' indebtedness to be due and owing constitutes an improper "modification" of the mortgage in violation of 11 U.S.C. § 1322(b). 11 U.S.C. § 1322(b) provides in part that a Chapter 13 plan:

May—
(2) modify the rights of holders of secured claims, other than a claim secured only by security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave

unaffected the rights of holders of any class of claims;

(3) provide for the curing or waiving of any default; ...

(5) notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the final payment under the plan is due; ....

JWH contends that since the Latimers' debt to it is secured by their principal residence, the plan's failure to declare the entire amount of the indebtedness due and owing constitutes a modification of the mortgage precluded by 11 U.S.C. § 1322(b)(2). JWH further argues that 11 U.S.C. § 1322(b)(5) does not allow the Latimers to avoid acceleration of the debt because, by virtue of the judgment obtained by JWH, all of the Latimers' debt was due before approval of the plan and not after final payment under the plan, as section 1322(b)(5) requires.

JWH's argument has been expressly rejected by a number of courts that have held that a Chapter 13 plan may provide for the payment of delinquent installments of a debt as well as regular interim payments of that debt even when a creditor has invoked an acceleration clause and declared the entire amount of the indebtedness to be due and owing. *See, e.g., In re Terry,* 764 F.2d 1558 (11th Cir.1985); *In re Glenn,* 760 F.2d 1428 (6th Cir.), *cert. denied,* 474 U.S. 849, 106 S.Ct. 144, 88 L.Ed.2d 119 (1985); *Matter of Clark,* 738 F.2d 869 (7th Cir.1984); *Grubbs v. Houston First American Savings Association,* 730 F.2d 236 (5th Cir.

1984), *en banc; In re Taddeo,* 685 F.2d 24 (2d Cir.1982); *In re Anderson,* 73 B.R. 993 (Bankr.W.D.Okla.1987), *contra In re Roach,* 824 F.2d 1370 (3d Cir.1987). These cases reason that:

The power to "cure" [set forth in section 1322(b)(5)] necessarily includes the power to de-accelerate the payments on the note and ... such de-acceleration is not a modification banned by section 1322(b)(2) but rather are permissible and necessary concomitant of the power to cure defaults.

*Anderson,* 73 B.R. at 995. In reaching this conclusion, these decisions rely on the legislative history of section 1322, *Grubbs,* 730 F.2d at 238–46; the policies underlying Chapter 13, *Taddeo,* 685 F.2d at 29; and the practical effect of various constructions of the statute, 738 F.2d at 874. The Court finds the reasoning of these cases persuasive.[1]

Accordingly, in the instant case, the Court concludes that the subject plan's de-acceleration of the Latimers' indebtedness is entirely consistent with the provisions of 11 U.S.C. § 1322(b). The provisions of the plan allowing the Latimers to pay the delinquent and regular monthly payments without becoming liable for the entire amount of the indebtedness are therefore affirmed.

## INTEREST ON LATE MONTHLY PAYMENTS

■ JWH also argues that the Bankruptcy Court erred in confirming that part of the plan allowing the Latimers to pay their delinquent monthly payments without interest being assessed for the delay in payment. JWH contends that, under the

---

1. In *Roach, supra,* the Third Circuit held that a debtor's right to cure a default on a home mortgage did not extend beyond the date of the entry of the foreclosure judgment. 824 F.2d at 1379. An application of this holding to the case at bar would preclude the Latimers from curing their default, since JWH has obtained a judgment on the entire debt that the Latimers owe to it.

However, the Court finds *Roach* distinguishable from the case at bar. *Roach's* conclusion that the entry of a judgment ends the right to cure under 11 U.S.C. § 1322 is based upon the rights conferred upon mortgagees under New

Jersey law. 824 F.2d at 1377–78. In contrast, under Oklahoma law, the mortgagor's right to redeem the mortgage at any time until the confirmation of the sheriff's sale suggests that a Chapter 13 debtor should be allowed to cure his or her default until this later date. *See Anderson,* 73 B.R. at 996, citing *Coursey v. Fairchild,* 436 P.2d 35 (Okla.1967). Since the record does not indicate that any sheriff's sale has been conducted as to the Latimers' residence, it follows that the Latimers should be allowed to cure their default by means of the Chapter 13 plan.

terms of the subject promissory note, it is entitled to such interest.

JWH's argument is supported by the record and the applicable law. In particular, the subject note contains a provision stating:

> Late Charge: For each installment not paid in full within fifteen (15) days of the scheduled due date, Buyer will be charged $5.00 or 5% of the unpaid installment, whichever is less.

A number of courts have held that mortgagees are entitled to interest on the delinquent payments made pursuant to a Chapter 13 plan, and the Court finds these cases persuasive. *See In re Colegrave,* 771 F.2d 119 (6th Cir.1985); *Matter of Christian,* 35 B.R. 229, 232 (Bankr.N.D.Ga.1983); *Matter of Gregory,* 8 B.R. 256, 257–58 (Bankr.S.D. N.Y.1981). Significantly, the Latimers have not contested JWH's entitlement to such interest.[2]

Therefore, the Court finds that JWH is entitled to the interest on the late monthly payments under the subject promissory note at the rate specified in the note. The Latimers' Chapter 13 plan should have provided for the payment of this interest. Accordingly, as to the monthly payments on the subject promissory note, the Bankruptcy Court's approval of the plan is reversed and remanded. The Bankruptcy Court is directed to amend the plan to provide for the payment of interest on the Latimers' late monthly payments at the rate set forth in the subject note (the lesser of $5.00 or 5% for each payment more than 15 days late).

In summary, the Bankruptcy Court's approval of the Latimers' Chapter 13 plan is affirmed in part and reversed in part. The plan's allowance of de-acceleration of the subject mortgage and promissory note is affirmed. The plan's denial of interest to JWH on the late monthly payments under the subject promissory note is reversed and the case is remanded to the Bankruptcy

Court so that the plan may be amended to allow for the payment of this interest.

IT IS SO ORDERED.

---

**2.** In their appellees' brief, the Latimers do state that JWH failed to demand the payment of this interest in its proof of claim. However, a review of JWH's objection to the plan indicates that it clearly states that it is entitled to such interest. Therefore, the issue of JWH's entitlement to interest has been raised before the Bankruptcy Court and is properly before this Court on appeal.