In re David E. PENICK and Rhonda Penick, Debtors.

Bankruptcy No. BK–89–04468–LN.

United States Bankruptcy Court, W.D. Oklahoma.

Dec. 29, 1989.

Kenneth C. McCoy, Oklahoma City, Okl., for debtors.

Lawrence Johnson, Tulsa, Okl., for creditor.

## ORDER ON OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

PAUL B. LINDSEY, Bankruptcy Judge.

### BACKGROUND

On July 18, 1989, debtors filed their petition herein under Chapter 13 of the Bankruptcy Code, together with their proposed Chapter 13 plan. Objections to confirmation of the plan were filed by Citizens Bank of Edmond ("Bank") and by William J. Wade, Trustee ("Wade"), holder of the note and mortgage on debtors' principal residence. The objection of Bank was subsequently resolved and a confirmation hearing was held before this court at which only the objection of Wade was raised and heard.

According to debtors' petition and proposed plan, the note secured by their residence was in the principal amount of $34,500, requiring regular monthly payments of $349.78. At the petition date, debtors assert that two such payments, aggregating $699.56, were in arrears. Under their proposed plan, the arrearages would be repaid in full, without interest, in 39 monthly installments of $17.94, beginning with the sixth plan payment, after the payment of all administrative expenses. The plan also contemplates that the regular monthly payment will be continued through the plan, beginning with the first plan payment.

In his objection, filed August 7, 1989, Wade asserts that debtors are in arrears in the total amount of $1,289.70, and that regular monthly payments are $337.90.[1] Wade also asserts that debtors must provide in their plan for a penalty of $5.00 per month per payment for *each* month for which any full regular monthly payment is in arrears; that debtors are nine months in arrears; and that therefore $45.00 must be added to the each month's payment for the earliest arrearage, until it has been repaid in full, $40.00 for the next earliest, and so on for each of the delinquent payments.

For his position, Wade relies on *In re Latimer*, 110 B.R. 968 (W.D.Okla.1989). In *Latimer*, an appeal from the confirmation of a Chapter 13 plan with facts similar to those present in this case, the court determined that the mortgage creditor "is entitled to the interest on the late monthly payments under the subject promissory note at the rate specified in the note." Since the plan confirmed by the bankruptcy court did not provide for the payment of interest, the confirmation was reversed and remanded and the bankruptcy court was "directed to amend the plan to provide for the payment of interest on the [debtors'] late monthly payments at the rate set forth in the subject note (the lesser of $5.00 or 5% for each payment more than 15 days late)."

---

1. The promissory note executed by debtors, provided to the court by them in response to Wade's objection, calls for monthly payments of principal and interest in the amount of $337.90, as set out by Wade. It would appear that a monthly escrow deposit may make up the difference between that amount and the $349.78 recited by debtors. Wade does not indicate how the $1,289.70 was determined, it being noted that it is not a multiple of either of the stated regular monthly payment amounts.

## THE NATURE OF THE DEFAULT PROVISION

[1] The provision in this case, which is virtually identical to that found in *Latimer*, is as follows:

> For each installment not paid in full within fifteen (15) days of its scheduled due date, Buyer will be charged $5.00 or 5% of the installment in default, whichever is less.[2]

In their response to Wade's objection, debtors first assert that they have included the penalties in the amount shown by them as arrearages in the plan. The court notes, however, that the amount shown by debtors as being in arrears is exactly twice the amount shown by them as the regular monthly payment. The penalties, therefore, do not appear to have been added.

Debtors also contend that the default provision calls for a one-time penalty, and not for a continuing interest computation. They rely on the language of the default provision itself, which does not provide for monthly or other periodic computation or application of the penalty, but simply its imposition if an installment is not paid in full within fifteen days of its scheduled due date. Debtors apparently argue that had the parties intended that the default provision be employed to provide a default interest computation, it would have so provided, at least by making it clear that the amount in question was intended to be payable periodically after the default occurred. The promissory note permits acceleration after any payment is in default for thirty (30) days, and for costs of collection not to exceed fifteen per cent (15%). Debtors contend, therefore, that the default provision, applicable after a fifteen (15) day default, was not intended to constitute a designation of default interest, but simply to impose a penalty for failure to make prompt payment of a regular monthly installment.

Under § 1322(b)(5) of the Bankruptcy Code, 11 U.S.C. § 1322(b)(5), a Chapter 13 plan in a case such as this may "provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending...." The power to cure defaults necessarily includes the power to deaccelerate the payments on the note. *Latimer, supra,* slip opinion at 3, quoting from *In re Anderson,* 73 B.R. 993 (Bankr.W.D.Okla.1987). If debtors, in their plan, can prevent the acceleration of the balance of the debt, they should be able to prevent the post-petition imposition, and compounding, of late payment penalties.

Although the penalty is described in *Latimer* as interest, required to be provided for as such in the plan, the opinion does not direct or otherwise indicate the frequency with which the same may or must be charged, if indeed it is to be charged more than once. It is this court's view that the very similar default provision in this case was not and could not have been intended to provide the basis for a continuing interest computation. The provision contains no indication whatever that the charge may be made more than once. If such had been intended, surely the provision would have provided for the frequency with which the computation is to be made and the charge imposed.

In this court's opinion, the default provision constitutes a delinquency or late charge and nothing more. Under § 3–203(1)(a) of the Uniform Consumer Credit Code ("UCCC"), Okla.Stat. tit. 14A, § 1–101, *et seq.* (Supp.1990), a delinquency charge of not to exceed $5.00 is permitted with respect to a precomputed consumer loan (§ 3.107) such as this. In § 3–203(2), it is provided that such a delinquency charge "may be collected only once on an installment however long it remains in default."

In view of the foregoing, Wade's contention, that he is entitled to $5.00 each month for each delinquent installment until the same is repaid in full, must be rejected.

## IS THE MORTGAGE CREDITOR ENTITLED TO INTEREST ON ARREARAGES?

■ The conclusion in *Latimer,* that mortgagees are entitled to interest on the

---

**2.** Since $5.00 is clearly less than 5% of the amount of the regular monthly installment, further reference to the amount required will be to $5.00. This provision will be referred to hereafter as the "default provision."

delinquent payments made pursuant to a Chapter 13 plan, may be at least in part based upon the fact that the debtors in that case did not contest the creditor's entitlement to such interest. *Latimer,* slip opinion at 5. In reaching that conclusion, the *Latimer* court cites *In re Colegrove,* 771 F.2d 119 (6th Cir.1985)[3]; *Matter of Christian,* 35 B.R. 229 (Bankr.N.D.Ga.1983)[4]; and *Matter of Gregory,* 8 B.R. 256 (Bankr. S.D.N.Y.1981)[5]. In two more recent court of appeals decisions, a contrary result is reached.

In *Foster Mortgage Corp. v. Terry (In re Terry),* 780 F.2d 894 (11th Cir.1985), it was held that in the absence of a contractual provision therefor, interest on arrearages is inappropriate under § 1322(b)(2) in a case in which that provision is applicable. The court notes the contrary decision by the divided Sixth Circuit panel in *Colegrove. Id.* at 897.

In *Appeal of Capps,* 836 F.2d 773 (3rd Cir.1987), the court, faced with the same question, cites *Colegrove* and *Terry* as the two courts of appeals which have addressed the issue. After an extensive discussion, including reliance upon 5 *Collier on Bankruptcy* ¶ 1322.09[4] (15th ed. 1986), the court states its agreement with *Terry* and with the dissent in *Colegrove,* and holds that the mortgage creditor is not entitled to interest on arrearages owed to it. *Id.* at 775–777.

It is this court's view that the more recent decisions, in *Terry* and *Capps,* are well reasoned and that they represent the better view. This court therefore concludes that Wade is not entitled to interest on the unpaid installments under the mortgage note. He is, however, entitled to the one-time imposition of the $5.00 late charge penalty provided for in the default provision for each monthly installment which was delinquent more than 15 days at the date debtors filed their petition in bankruptcy, but not for any installments which were not timely paid thereafter.[6] If regu-

---

**3.** In *Colegrove, supra,* a divided panel of the court of appeals determined that interest on payments in arrears was appropriate. The promissory note in that case contained no provision for interest on mortgage arrearages, and the majority determined the appropriate rate of interest to be the prevailing market rate on similar types of secured loans, with a maximum of the rate originally contracted for by the parties. *Id.* at 123. In the dissent, it is noted that the promissory note contained a provision quite similar to the one quoted above from the note in this case; that the bankruptcy court nevertheless found that the creditor had failed to establish its contractual entitlement to interest on arrearages; and that the creditor had failed to challenge that finding. *Id.* at 124, n. 1. The dissent concluded that providing interest where none is called for in the promissory note constituted a modification in violation of 11 U.S.C. § 1322(b)(2).

**4.** In *Christian, supra,* the agreement between the parties provided for interest on the unpaid principal balance of the indebtedness; a four percent late charge on delinquent monthly installments; and reasonable costs and expenses of collection, including attorney fees. There was no language in the agreement expressly providing for interest on defaulted payments other than the interest which would accrue on the unpaid principal balance. Although *Christian* was apparently cited in *Latimer* for the proposition that a mortgagee is entitled to interest on delinquent payments, the court in that case held that in the absence of a contractual right to such

interest, there was *no* statutory basis therefor in the Bankruptcy Code. *Christian,* 35 B.R. at 232.

**5.** In *Gregory, supra,* it appears, although it is not altogether clear, that the mortgage instruments themselves provided for interest on arrearages, as well as for attorney fees. In that case, the creditor had agreed to accept payments based upon an interest rate, which the court found to be in the debtors' best interest. On these facts, it is not surprising that the court determined that the creditor was entitled to interest on the arrearages and that the plan could not be confirmed unless provision was made for such interest.

**6.** The court is aware of the practice in Chapter 13 cases, whereby debtors make payments to the Chapter 13 Trustee prior to confirmation of their plan. Those payments are held by the Trustee, and if the plan is confirmed, the accumulated funds are then disbursed in accordance with the plan. In the case of a mortgage or other periodic payment, more than one payment may be accumulated before any disbursements are made. While delays occasioned by this procedure may result in some inconvenience, they are not the fault of debtors, but a necessary element in the administration of Chapter 13 cases. Every effort is made to bring these cases to confirmation at the earliest possible date, and in most cases these efforts are successful. It would be inequitable to penalize debtors by imposing late penalties on installments which they had actually made, but which had not been received by the creditor.

lar payments are maintained under the plan, the arrearages, including the penalties, may be cured under the plan in accordance with § 1322(b)(5).

## DOES THE PLAN PROPOSE TO CURE THE DEFAULT "WITHIN A REASONABLE TIME"?

■ The court notes that debtors' plan contemplates paying administrative claims, including the fees of counsel for debtors, in full before making any payment to be applied to cure the mortgage arrearages. This court is well aware that administrative expenses allowed under § 503(b), such as the compensation and expenses of professionals, are entitled to priority. 11 U.S.C. § 507(a)(1). It is equally mindful, however, that when a Chapter 13 plan contemplates the curing of defaults under § 1322(b)(5), the court must make an affirmative finding that the default will be cured "within a reasonable time." Here, it was originally contemplated that curing the default would take at least thirty nine months. This is three months longer than the plan itself could extend without approval of the court for cause. 11 U.S.C. § 1322(c).

It is this court's view that such a lengthy period can not be found to be reasonable in this case, where the plan contemplates no payment whatever against the arrearages for at least six months, when debtors' attorney and other administrative claimants will have been paid in full. If debtors wish to take advantage of the substantial benefit which § 1322(b)(5) affords them, they must evidence their good faith by making every effort to cause the curing of the default to be accomplished in the shortest possible time, beginning, if at all possible, with the first plan payment.

## CONCLUSION

Based upon the foregoing, the court has concluded that the objection to confirmation of debtors' plan for the reasons asserted by Wade should be overruled; that Wade is entitled to a one-time $5.00 late charge penalty as to each monthly installment which was more than 15 days delinquent at the petition date; that Wade is not entitled to any such penalty as to post-petition installments which may not have been timely paid; that Wade is not entitled to interest on the arrearages; that debtors may cure the arrearages within a reasonable time without further penalty while maintaining regular payments during the pendency of the case; and that if the plan can be amended to provide for each of the requirements hereof and of 11 U.S.C. § 1325(a), it may be confirmed. Debtors shall have ten days from the date hereof within which to serve and file such amendments as they believe will meet these requirements, Wade shall have ten days from service of such amendments upon him within which to file his objection to confirmation. In the event of any such objection, the issue of confirmation will be set down for further hearing at the earliest possible date.

IT IS SO ORDERED.