**In re Woodrow L. MURRAY, SSN: 253–02–2465, Anita G. Murray, SSN: 460–23–0519, Debtors.**

**Bankruptcy No. 89–70521–VAL.**

United States Bankruptcy Court,
M.D. Georgia,
Valdosta Division.

March 23, 1990.

Floyd B. Moon, Valdosta, Ga., for debtors.

Walter F. Newsom, Valdosta, Ga., for First Federal Sav. & Loan Ass'n of Valdosta.

MEMORANDUM OPINION

JOHN T. LANEY, III, Bankruptcy Judge.

On February 28, 1990, a hearing was held on confirmation of the Debtors' Chap-

ter 13 plan. The Chapter 13 Trustee recommended confirmation of the Debtors' plan. First Federal Savings and Loan Association of Valdosta[1] (hereinafter "First Federal"), a secured creditor, filed its proof of claim on February 9, 1990, for $12,343.78 plus interest at the contract rate of 13.75 per cent. The Chapter 13 Trustee raised the question of whether First Federal's underlying contract provided for interest to be paid on arrearages on its claim. The court invited all parties to submit briefs on the above issue. No briefs were submitted. This court, having considered arguments of counsel and the evidence presented at the hearing, now renders this Memorandum Opinion.

The Debtors defaulted under the terms of their security agreement with First Federal. The Debtors filed their Chapter 13 bankruptcy petition which prevented foreclosure of the mortgage. Section 1322(b)(2) of the Bankruptcy Code[2] prohibits the modification of rights of residential mortgage holders. A subsequent provision, § 1322(b)(5) of the Bankruptcy Code,[3] modifies § 1322(b)(2) in that the debt may be modified by the plan to cure the default and reinstate regular installment payments.

The question before this court is whether the Debtors' underlying contract with First Federal provides that the contract rate of interest be applied to the arrearages when the Debtors seek to cure default and reinstate the mortgage. The Eleventh Circuit in *In re Terry*, 780 F.2d 894, 896 (1986) held that a secured creditor who holds a security interest in debtor's principal residence is not entitled to receive interest on arrearages unless the mortgage contract so provides when the debtor seeks to cure default and reinstate the mortgage. In *Terry*, the creditor did not claim that the mortgage contract provided for interest on unpaid installments, but relied on § 1325 of

the Bankruptcy Code[4] which the creditor contended should require the debtor to pay oversecured creditors an additional amount for the time value of their money. The Eleventh Circuit in *Terry* held that § 1325 of the Bankruptcy Code was inapplicable to residential mortgages. *Id.* at 896.

In light of the *Terry* decision, this court must look to the underlying contract of First Federal to see if the contract provides for interest on the arrearages owed by the Debtors. The contract in question provides:

YOUR RIGHTS ON DEFAULT. On default, you may, at your option and without notice, declare the unpaid balance immediately due, less a prorata portion of the interest and maintenance charge components of the Finance Charge—the remainder of the Finance Charge is not refundable. I will pay interest at the contract rate, (not to exceed the maximum rate allowed by applicable law) of this Note on the amount so declared due and payable until it is paid....

In analyzing the language of First Federal's contract, this court does not find the language, "interest at the contract rate ... of this Note on the amount so declared due ...", to be specific enough to only cover the arrearages as mandated by the Eleventh Circuit in *Terry*. Therefore, this court finds that First Federal's claim for interest on the arrearages be denied.

---

1. First Federal holds a security interest in the Debtors' principal residence.

2. 11 U.S.C.A. § 1322(b)(2) (West Supp.1989).

3. 11 U.S.C.A. § 1322(b)(5) (West Supp.1989).

4. 11 U.S.C.A. § 1325 (West 1979 & Supp.1989).