The sale was invalid for the following reasons:
1. The posting of the notices of sale was not in compliance with the requirements of the statute. Section 7710 N.C.L.; sec. 8846 N.C.L.; 41 C.J. 963, n. 36; 23 C.J. 637, n. 78.
The premises occupied as a private residence were not a "public place" within the rule announced in the above authorities.
The two lots immediately adjoining and occupied as a single residence, constituted but one place, and notices were actually posted in but two places, to wit, upon the premises and at the office of the trustee.
2. No notice by publication, posting or otherwise, was given by the trustee of any of the eleven continuances *Page 183 
of the time or place of sale. 41 C.J. 966, n. 83; Clark v. Simmons (Mass.), 23 N.E. 108.
3. The notice of sale required the payment of cash in United States gold coin by the purchaser at the time of sale. This requirement imposed an impossible condition and precluded all persons from becoming purchasers at said sale other than the beneficiary. The court will take judicial notice of the executive orders of the president of the United States, and of the federal statutes, withdrawing all gold coin from circulation and prohibiting its use as legal tender. 41 C.J. 949, nn. 76, 79.
4. The sale was premature, and respondent was estopped from making the same by its agreement effective for a period of thirty days, to accept bonds for said indebtedness.
The truth of the matter is that three copies of the notice of sale were posted in three of the most public places in the city of Las Vegas, one being at the place where said sale was made, to wit, at the office of the trustee. The fact that, in addition to the notices posted in three public places, copies were also posted on each parcel of land so noticed to be sold is immaterial. Jenkins v. Griffin (N.C.), 95 S.E. 166.
This court should take notice of the fact that title companies — the trustee herein being one — customarily post notices of sales on the property to be sold, in addition to posting in the places required by statute, and are careful in seeing that compliance is made with all statutory and contractual provisions.
The recital in the trustee's deed on sale that the postponements were made in accordance with the provisions of the deed of trust and section 7711 N.C.L. is not contradicted, and, of course, no suspicion of fraud could arise from the several postponements, as the evidence *Page 184 
shows that the postponements were due to either a restraining order or negotiations for settlement. 28 Am. Eng. Enc. Law (2d ed.), 806.
The notice of sale was posted and published prior to the federal acts which withdrew gold coin from circulation, and the sale took place after enactment of the act which allowed a discharge of gold coin obligations by payment dollar by dollar. Norman v. Baltimore O.R. Co. (U.S.), 79 L.Ed. 417,55 Sup. Ct. 407, 95 A.L.R. 1352.
The consent of respondent to accept bonds for the existing indebtedness, made to the Home Owners' Loan Corporation, is not an agreement in the sense counsel contends, but merely a unilateral offer, signed only by one party. And there is no evidence to show that said offer was ever accepted by the Home Owners' Loan Corporation, or that it did anything in reliance thereon.
 OPINION
This is an appeal from a judgment and an order denying a new trial in civil action No. 5724, Eighth judicial district court, Clark County. The action was brought by respondent (plaintiff in the district court) to recover possession of two city lots and appurtenances in Las Vegas. The district court rendered judgment in favor of plaintiff and against defendant (appellant).
Plaintiff based its right to recover upon a deed given pursuant to a trustee's sale. Appellant contends that said sale and deed were invalid for each of four reasons, which will be considered later in this opinion.
In March 1931, W.J. Hooper and Violet M. Hooper made a deed of trust of said premises to Pioneer Title Insurance Trust Company to secure an indebtedness of $3,500, payable in monthly installments to respondent, the beneficiary. Later said trustors were divorced, and Mr. Hooper married appellant. Thereafter, and in *Page 185 
March 1932, she recovered a decree of divorce against Mr. Hooper, in which the court restored her maiden name, Edith Mary McLaughlin, and awarded her all his interest in the premises now in controversy. Default having been made in certain of said monthly installments, the beneficiary (respondent) filed in the office of the county recorder of said Clark County its notice of breach and election to sell said premises. Notice of sale was given by publication and posting, and, after a number of postponements, the premises were purchased by respondent, who received a deed therefor from the trustee.
1. Appellant contends, first, that said sale and the deed last mentioned were and are void, because the posting of the notices of sale were not in compliance with the requirements of the statute. Section 7710 N.C.L. relating to trust deeds, provides in part that "the trustee, or other person authorized to make the sale under the terms of such trust deed or transfer in trust, shall, prior to the making thereof, give notice of the time and place thereof in the manner and for a time not less than that required by law for the sale or sales of real property upon execution." Section 8846 N.C.L. relating to notice of sale under execution, provides in part that in case of real property, notice shall be given, in addition to publication in a newspaper, by posting notice "in three public places of the township or city where the property is situated, and also where the property is to be sold."
The trustee's deed to respondent recites that "three true and correct copies of said Notice were posted in three of the most public places in the City of Las Vegas, in Las Vegas Judicial Township, County of Clark State of Nevada, the Township in which said sale was noticed to take place, for twenty days commencing on the 10th day of June, 1932, one copy of which Notice was posted at the place where said sale was made; and on June 10th, 1932, one copy of said Notice was posted in a conspicuous place on each parcel of the land so noticed to *Page 186 
be sold." Said deed contains the further recital that compliance had been made "with all of the statutory provisions of the State of Nevada and with all of the provisions of said Deed of trust or transfer in trust as to the acts to be performed and notices to be given." O.W. Yates, local manager of the trust company, testified on cross-examination as follows:
"Q. Did you also post notices of that sale? A. I did.
"Q. In the manner specified in the Trustee's Deed, Plaintiff's Exhibit No. 1? A. Yes sir.
"Q. And in any other manner? A. I think that is all." Except for the foregoing recitals and testimony, we have found nothing in the record relating to the posting of notices.
Appellant interprets the first-quoted recital from said trustee's deed to mean that only three notices were posted, one at the place where the sale was to be made, and one on each of the two lots that were to be sold. Respondent's interpretation is that five notices were posted, one in each of three public places, and one on each of said lots. It is our opinion that respondent's contention is correct, notwithstanding the fact that only one of the three allegedly public places was specified.
In the case of Sargent v. Shumaker, 193 Cal. 122, 223 P. 464, the court was called upon to construe the meaning of subdivision 3 of section 692 of the Code of Civil Procedure, as amended by St. 1907, p. 980, which provided that, in case of real property, in addition to publication, notice of sale on execution must be given "by posting a similar notice, particularly describing the property, for twenty days, in three public places of the township or city where the property is situated, and also where the property is to be sold."
We quote from the opinion of the court in the California case last above mentioned: "It is obvious that the provisions of subdivision 3 of the section must have been intended to provide for and apply to two different situations, one where the property is situated in the same township or city wherein it is to be sold, and the *Page 187 
other where the property is situate in one township or city and is to be sold in some other township or city. It is respondent's contention that the section makes the same requirement as to posting applicable to both situations, and that it should be construed as requiring in either case the posting of four notices, three of which must be posted in three public places within the township or city where the property is situated, and the fourth at the place (meaning the very place) where the property is to be sold. Appellants, on the other hand, contend that the section is to be construed as if it read as follows: `* * * By posting * * * twenty days in three public places of the township or city where the property is situated, and in three public places of the township or city where the property is to be sold,' and that the effect thereof, where the property is situated in one township or city and is to be sold in another, is to require the posting of six notices in three public places in each such township or city, and that the effect thereof, where the property is to be sold in the same township or city, is to require the posting of but three notices in three public places within such township or city."
After discussing at some length the respective contentions, the court, in Sargent v. Shumaker, supra, adopted the construction contended for by the appellant in that case, and, as the property there in question was to be sold in the same city in which it was situated, the court held that the law required the posting of but three notices in three public places of said city. We agree with the ruling in that case.
In the instant case respondent does not maintain that a notice was posted in more than three public places, one of which was at the office of the trustee. If defendant in the district court had contended that the place where the property was to be sold was not a public place within the meaning of the law and had introduced evidence tending to bear out such a contention, we would have had a different and perhaps more serious question *Page 188 
to deal with. The statute does not require that one of the notices be posted at the place where the sale is to take place. That place in the instant case may or may not have been apublic place. All that the record shows is that this place was the office of the trustee at 113 South Fourth street, in the city of Las Vegas. There is no evidence to show whether or not said place was so situated as to attract public notice. The recital in the trustee's deed that it was a public place stands unchallenged. When Mr. Yates was on the stand, he was not asked to specify the allegedly public places where the other two notices were posted. Defendant chose to stand squarely on her construction of the recital in the trustee's deed, and did not ask Mr. Yates whether more than three notices altogether were posted, and, if so, where the other two allegedly public places were. The recital in the trustee's deed that a notice was posted in each of three public places in the city of Las Vegas must therefore be held to be controlling.
2. The second ground upon which appellant contends that the trustee's sale and deed were void is that no notice was given by the trustee of any of the eleven continuances of the time or place of sale. The record shows that no person, except the trustee, was present when any of the eleven postponements was made. At least one of these postponements was occasioned by a restraining order. One other postponement was the result of a telegram from the state manager of the Home Owners' Loan Corporation at Reno to respondent, in the following words: "Edith McLaughlin two eleven South Seventh Street has applied to us for refinancing and states that you hold the first mortgage and that sale under Deed of Trust has been set for October sixteenth. Can you withhold action until we have had an opportunity to appraise and make an offer to take up the Deed of Trust? The papers are being forwarded to Vegas today with instructions to rush answer." Respondent immediately wired the following reply to said telegram: "Answering your telegram *Page 189 
today we will arrange to have sale Edith McLaughlin postponed to October twenty ninth." Each postponement of sale was made by oral proclamation at the office of the trustee, and in each instance the trustee made a written memorandum of the postponement in his file. Except as hereinbefore stated, the record does not disclose the reasons for the various postponements. The deed of trust contained the following provision: "Trustee may postpone sale of all, or any portion, of said property by public announcement at the time fixed by said notice of sale, and may thereafter postpone said sale from time to time by proclamation to the persons assembled at the time previously appointed; and without further notice it may make such sale at the time to which the same shall be so postponed, provided, however, that the sale or any postponement thereof must be made at the place fixed by the original notice of sale." Ordinarily where, in the first instance, notice of sale has been given by publication and posting as required by statute, postponements may lawfully be made by oral public proclamation only, and in the instant case we find no special circumstances requiring any further notice of such postponements.
3. But appellant insists that the sale and trustee's deed were void, for the reason that the only persons present when the sale was made were the trustee and respondent's attorney. The case of Clark v. Simmons, 150 Mass. 357, 23 N.E. 108, is cited by appellant for the proposition that a notice given by oral proclamation at the time of adjournment, no one being present except the auctioneer and the mortgagee's agent, is insufficient; but an examination of that case discloses that there were special circumstances which constituted the chief reason for the court's holding that the sale was void. These circumstances appear in the following excerpt from the court's opinion: "Finally the estate was sold, nearly three months after the time named in the original notice, the plaintiff never having heard of the proceedings until 9 o'clock in the evening of the day *Page 190 
before the sale, and having merely received a letter which gave the day, without stating the hour or place, of the sale, and having been unable upon inquiry in the neighborhood to learn anything about it. The mortgagee bought the property for at least $200 less than its fair market value. The plaintiff had requested the defendant to notify him when he should take action looking to a sale." In the instant case there are no such circumstances, nor any others of a fraudulent nature. We are not aware of any authority holding that a sale of this kind is void, for the single reason that no persons were present except the trustee and the beneficiary's attorney or agent.
4. Appellant's third ground of attack upon the validity of the trustee's sale and deed is based upon the fact that the notice of sale required cash payment in United States gold coin. In this respect the notice of sale conformed to the terms of the note secured by the deed of trust. The notice of sale was posted and published in June 1932. Section 463, title 31, U.S.C.A., became effective June 5, 1933, and reads in part as follows: "Every provision contained in or made with respect to any obligation which purports to give the obligee a right to require payment in gold or a particular kind of coin or currency, or in an amount in money of the United States measured thereby, is declared to be against public policy; and no such provision shall be contained in or made with respect to any obligation hereafter incurred. Every obligation, heretofore or hereafter incurred, whether or not any such provision is contained therein or made with respect thereto, shall be discharged upon payment, dollar for dollar, in any coin or currency which at the time of payment is legal tender for public and private debts." Gold was withdrawn from circulation in January 1934; U.S.C.A. title 31, sec. 315b. The trustee's sale took place October 29, 1934. It thus appears that the notice of sale was published and posted before either of said sections 315b and 463 became law, but that the sale took place after *Page 191 
they had become effective. In view of the wording of U.S.C.A. title 31, sec. 463, we are satisfied that it was not necessary to either change the wording in the notice of sale or to publish and post new notices allowing payment in legal tender, coin, or currency.
5. We come now to a consideration of appellant's fourth and last ground upon which she contends that the trustee's sale and deed were void. Prior to the sale, appellant applied to the Home Owners' Loan Corporation to refund her indebtedness. Accompanying her application was respondent's consent to take bonds to the amount of $4,405.32, in which consent respondent, amongst other things, agreed in writing as follows: "It is understood that you will incur trouble and expense in connection with your effort to refund the indebtedness of said home owner, and this consent is executed in consideration of the same and shall be binding for a period of thirty days from date." The date of said mortgagee's consent to take bonds was October 9, 1934. As has already been pointed out, the sale was made and the trustee's deed executed and delivered to respondent on October 29, 1934. Appellant was not a party to said mortgagee's consent. The record does not show, nor even suggest, that appellant, through the assistance of the Home Owners' Loan Corporation, or otherwise, would have been able to save the property, had respondent waited until after the expiration of said 30 days before making the sale. Had the conduct of the trustee and respondent, in connection with the sale, been accompanied by any actual fraud, deceit, or trickery, a more serious question would be presented. But the record shows neither allegation nor proof of any fraudulent circumstances. Appellant had notice of the time and place originally set for the sale. There is no evidence that she ever made any inquiries concerning the various postponements, or that the trustee or respondent gave her any false information or withheld any information from her. The facts that there were eleven postponements of the sale, that respondent was *Page 192 
willing to postpone the sale upon the suggestion of the Home Owners' Loan Corporation, and that the sale was made more than two years after notice was first published and posted, indicate that respondent was anxious to get its money rather than resort to trickery in order to buy in the property. In our opinion, therefore, respondent's disregard of the agreement in its consent to take bonds that said consent should be binding for a period of 30 days from October 9, 1934, is not of itself ground for invalidating the sale or the trustee's deed.
The judgment and order appealed from are affirmed.
 ON PETITION FOR REHEARING
December 5, 1936.