**In re Beulamae SMITH, Debtor.**

**Bankruptcy No. 90–30544–3–13.**

United States Bankruptcy Court,
W.D. Missouri,
Southwestern Division.

March 26, 1991.

Steven Kaderly, Lamar, Mo., for creditor.

Nicholas Swishcer, Nevada, Mo., for debtor.

ORDER OVERRULING OBJECTIONS
TO CHAPTER 13 PLAN OF DEBTOR

ARTHUR B. FEDERMAN, Bankruptcy Judge.

*Introduction*

The matter before the Court is the objection by creditor Billy Wayne Jones Estate to confirmation of debtor's amended Chapter 13 plan under 11 U.S.C. § 1325. The main issue raised by this particular objection and plan is whether the payment of the promissory note according to the original terms of the agreement is an impermissible modification of the agreement under 11 U.S.C. § 1322(b)(2) when the creditor accelerated payment on the note pre-petition.

Another issue is whether creditor is entitled to attorneys fees. The amended plan as filed provides for payment of interest on the pre-petition arrearage. Nevertheless, the creditor contends that is should also be entitled to recover attorneys fees as an oversecured creditor. For the reasons stated below, the Court overrules objections to the debtor's Chapter 13 plan, as amended.

### Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and may enter final orders pursuant to 28 U.S.C. § 157(b)(2).

### Factual Background

In January, 1988, Beulamae Smith, the debtor, executed a note in the amount of $11,000, payable to the Billy Wayne Jones Estate, secured by the residence now occupied by such debtor. The residence is presently valued at $14,000. The debtor made payments pursuant to the note until approximately July, 1990, and then defaulted. The creditor subsequently accelerated payment on the note.

On November 2, 1990, the debtor voluntarily filed a petition for bankruptcy under Chapter 13. At the time of filing, the debtor owed the creditor $7,324.96 plus interest from September 20, 1990 at the rate of ten percent per annum. On November 5, 1990, the debtor filed a plan under Chapter 13, but it has been subsequently amended. The amended plan provides for continued payment of the principal according to the original terms of the note, payment of the arrearage through the plan for 36 months, plus interest on the arrearage.

### Conclusions of Law

I.  It is not an impermissible modification of the agreement (1) to allow the debtor to pay the creditor according to the original terms of the agreement even though the creditor accelerated payment on the note pre-petition or (2) to allow the debtor to pay the arrearage through the plan.

#### Acceleration

■ This jurisdiction has not directly addressed whether a debtor can continue to make installment payments under a note secured solely with the debtor's principal residence when the note was accelerated and became due in full prior to the filing of the debtor's Chapter 13 petition. The district court has, however, indicated that de-acceleration under the plan is permissible. *See In re Spader,* 66 B.R. 618, 621 (W.D. Mo.1986).

■ In *Spader,* the issue was whether a note that had fully matured pre-petition could be paid over the life of the plan. *Id.* at 620. Relying on the reasoning in acceleration decisions, the court held that it was not an impermissible modification under Section 1322(b)(2) to permit a repayment schedule of a matured note over the life of the plan. *Id.* at 621 (citing *In re Taddeo,* 685 F.2d 24, 26–27 (2d Cir.1982); *In re Clark,* 738 F.2d 869, 872 (7th Cir.1984); *In re Grubbs,* 730 F.2d 236 (5th Cir.1984) (en banc); *In re Minick,* 63 B.R. 440, 442–43 (Bankr.D.D.C.1986)). Almost all courts that have considered the de-acceleration of debt that was accelerated pre-petition have held that it is *not* an impermissible modification under Section 1322(b)(2). *Id.* Those courts have reasoned that although § 1322(b)(2) provides that a plan may not modify the rights of a secured creditor's claim "secured only by a security interest in real property that is the debtor's principal residence," allowing de-acceleration of the note is not a modification, but rather a "cure" of the default under Section 1322(b)(3). *Id.* at 620–21. A "modification" is a change in the amount of the debt. *Id.* at 621–22 (quoting *In re Larkins,* 50 B.R. 984, 986 (Bankr.W.D.Ky.1985)). With both de-acceleration and payment of a matured note through the plan, the creditor is still receiving the same amount. *Id.* Section 1322(b)(3) provides "for the curing or waiving of *any* default." 11 U.S.C. § 1322(b)(3) (emphasis added).

In this case, the creditor accelerated payment of the note prior to the debtor filing her Chapter 13 petition. The debtor is allowed to cure her default under Section 1322(b)(3) by making payments on the note

according to the original terms of the agreement and by making payments on the arrearage over the term of the plan (see below). It is not an impermissible modification since the creditor will still receive the same amount he is due under the note. To not allow payment through the plan would defeat the primary purpose of Chapter 13 rehabilitation of the debtor. *Spader*, 66 B.R. at 622. "By allowing the debtor to cure her default here, the bankruptcy court acted in a manner consistent with the intent of Chapter 13. The debtor will be able to keep her home, and the secured creditor will receive the amount stated to be owing him in the promissory note." *Id.*

### Arrearage

The same reasoning applicable to de-acceleration also applies to the payment of arrearage on the promissory note through the plan. *In re Spader*, 66 B.R. 618 (W.D.Mo.1986). It does not constitute a modification of the creditor's rights as prohibited under 11 U.S.C. § 1322(b)(2). Therefore, in this case, the arrearage of $2,091 is payable through the plan at $67.48 a month for 36 months. As a result, the objections based on de-acceleration and payment of arrearage through the plan should be denied.

II. The creditor is not entitled to attorneys fees.

Under Title 11 U.S.C. Sections 506(b) and 1322(b)(2), the creditor is entitled to post-petition interest on the arrearage until the default is cured. The plan provides for such interest.

In its objection, the creditor also claims that it should be entitled to attorneys fees. The United States Supreme Court has held that under 506(b) "an oversecured creditor is *always* entitled to *interest* on its claim, and *may* be entitled to *those expenses which the agreement provided.*" *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) (emphasis added). In this case, however, there has been no showing of the amount of attorneys fees incurred by the creditors. Therefore, that portion of the objection should be denied as well.

### Conclusion

For the reasons stated, the objections to confirmation filed by creditor Billy Wayne Jones Estate are OVERRULED.