**In the Matter of Clive D. THOMPSON, Debtor.**

**Bankruptcy No. 2–90–02280.**

United States Bankruptcy Court, D. Connecticut.

May 30, 1991.

---

718

Leslie C. Storm, and Beth S. Lerman, Green & Kleinman, P.C., Hartford, Conn., for Sears Mortg. Corp., objecting creditor.

Theodore A. Lubinsky, Hartford, Conn., for debtor.

Gilbert L. Rosenbaum, Hartford, Conn., for trustee.

## MEMORANDUM OF DECISION

### RE: OBJECTION BY SEARS MORTGAGE CORPORATION TO CONFIRMATION OF CHAPTER 13 PLAN

ROBERT L. KRECHEVSKY, Chief Judge.

## I.

### ISSUE

The issue in this proceeding, submitted by the parties on briefs alone, is whether the court may confirm a chapter 13 plan which does not provide for the payment of postpetition interest on the prepetition arrearage of a deaccelerated home mortgage.

## II.

### BACKGROUND

The residence of Clive D. Thompson, the debtor, is a condominium at 10B Atwood Street, Hartford, Connecticut. Sears Mortgage Corporation (Sears) holds, by assignment, the first mortgage on the residence which has a present value of $110,000.00. This mortgage, dated April 12, 1989 and originally in the amount of $122,500.00, had, on October 19, 1990, the date of the filing of the debtor's chapter 13 petition, an unpaid balance of about $143,000.00. The mortgage note called for equal monthly payments of $1,120.56 over a 30–year term.

In the event of default of the payment of a monthly installment, the mortgage documents provided for a "late charge" of four percent of such installment, the acceleration of the entire unpaid balance of the note at the option of the holder, and the payment by the debtor of all costs of collection, including reasonable attorney fees. The documents do not provide for the payment of interest on overdue installments.

On October 19, 1990, the filing date, the debtor was in default of 14 monthly installments, and Sears had already received a judgment of strict foreclosure in a mortgage foreclosure action it had commenced in state court. The debtor's plan, which has a term of five years, would reinstate the mortgage, pay the prepetition mortgage arrearage without interest, pay a 10 percent dividend to unsecured creditors and permit the debtor to pay the postpetition monthly mortgage installments outside the plan and directly to Sears.

Sears filed an objection to confirmation on the ground that the debtor's plan does not propose to pay to Sears interest on the prepetition arrearage. A hearing on plan confirmation has been adjourned pending the court's ruling on Sear's objection. For reasons that follow, the objection is overruled.

## III.

### DISCUSSION

Bankruptcy Code § 1322(b)(2) states that a chapter 13 plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence...." Subsection (5) of § 1322(b) provides that "notwithstanding paragraph (2) of this subsection" a plan may "provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any ... secured claim on which the last payment is due after the date on which final payment under the plan is due."

It is undisputed that these provisions permit a chapter 13 debtor to alter the mortgage contract between the debtor and

the principal residence mortgagee in the sole instance where the mortgagee, after default, has accelerated the loan prepetition, by deaccelerating (through the "curing" of the default) and reinstating the original installment payment schedule. *See, e.g., In re Taddeo*, 685 F.2d 24, 26–27 (2nd Cir.1982) ("When Congress empowered Chapter 13 debtors 'to cure' defaults ... Congress intended to allow mortgagors to 'de-accelerate' their mortgage.... Curing a default commonly means taking care of the triggering event and returning to pre-default conditions. The consequences are thus nullified.").

The issue presented here of whether the chapter 13 plan must provide for interest on the arrearage that is paid off during the plan has been ruled upon by four courts of appeal—*In re Colegrove*, 771 F.2d 119 (6th Cir.1985); *In re Terry*, 780 F.2d 894 (11th Cir.1986); *Appeal of Capps*, 836 F.2d 773 (3rd Cir.1987); *Landmark Financial Serv. v. Hall*, 918 F.2d 1150 (4th Cir.1990) and the Ninth Circuit Bankruptcy Appellate Panel—*In re Laguna*, 114 B.R. 214 (9th Cir.BAP 1990).

Except for a divided panel in *In re Colegrove*, all of these appellate courts have held that creditors, whether oversecured or undersecured, who hold security interests solely in debtors' principal residences, are not entitled to postpetition interest on prepetition arrearages that are cured under debtors' chapter 13 plans, where the security documents do not provide for such interest. The *Terry, Capps, Landmark* and *Laguna* courts concluded that the cure provision of § 1322(b)(5) stands alone and does not implicate other sections of the Code, such as § 1325(a)(5)(B)(ii)[1] which requires that a plan provide for the time value of money when secured claims have been modified.

The opposing view, represented by *Colegrove*, is that requiring interest on arrearages is not a modification of the mortgage prohibited by § 1322(b)(2), and is consistent with § 1325(a)(5), and § 506(b)[2] (where the mortgagee is oversecured).

I conclude that the position taken by *Terry, Capps, Landmark, Laguna*, and several lower courts in other circuits[3] would be the rule in this circuit, consistent with *Taddeo's* interpretation of the cure concept.[4] As aptly summarized in *In re Stamper*, 84 B.R. 519, 523 (Bankr.N.D.Ill. 1988):

> [T]o require interest on arrears when the contract does not call for such would be to impermissibly modify the mortgage contract adversely to the debtor in violation of 11 U.S.C. § 1322(b)(2). If 11 U.S.C. § 1325(a)(5)(B)(ii) is read as being applicable in the context of an 11 U.S.C. § 1122(b)(5) cure, requiring interest on arrearages where the mortgage contract fails to provide for such, the secured creditor would get a benefit it never bargained for. The Bankruptcy Code should not be read to provide either debtors or secured creditors with windfalls.

## IV.

### CONCLUSION

The debtor's chapter 13 plan need not provide for interest on the mortgage ar-

---

1. Code § 1325(a) reads in pertinent part:

   (a) ... the court shall confirm a plan if—

   .     .     .     .     .

   (5) with respect to each allowed secured claim provided for by the plan—

   .     .     .     .     .

   (B)(ii) the value, as of the effective date of the plan of property to be distributed under the plan is not less than the allowed amount of such claim.

2. *Code § 506(b).*

   .     .     .     .     .

   (b) To the extent that an allowed secured claim is secured by property the value of which ... is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

   *Colegrove* involved a mortgage arrearage where the mortgagee was oversecured.

3. *See, e.g., In re Adams*, 120 B.R. 517 (Bankr.E. D.Mo.1990); *In re Penick*, 108 B.R. 776 (Bankr. W.D.Okla.1989); *In re Siegfried*, 114 B.R. 358 (Bankr.N.D.N.Y.1990).

4. "[W]e do not read ... 'curing defaults and maintaining payments' under [§ 1322](b)(5) to be *modifications* of claims." *In re Taddeo*, 685 F.2d at 27 (emphasis in original).

**720**

rearage payable to Sears, and Sears' objection to the debtor's plan is accordingly overruled. It is

SO ORDERED.