In re Emilio J. LAGUNA, Jr.;
Cynthia Laguna, Debtors.

**SHEARSON LEHMAN MORTGAGE
CORPORATION, Appellant,**

v.

**Emilio J. LAGUNA, Jr.; Cynthia
Laguna; Lawrence J. Loheit,
Trustee, Appellees.**

No. 90–15715.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 15, 1991.

Decided Sept. 11, 1991.

Thomas J. Holthus, Shapiro & Miles, Santa Ana, Cal., for appellant.

Dan Vaughan and W. Scott de Bie, Law Offices of Max Cline, Sacramento, Cal., for appellees.

Before BROWNING, FARRIS and LEAVY, Circuit Judges.

LEAVY, Circuit Judge:

This case presents a question of first impression in this Circuit involving the distinction between cure and modification in the context of bankruptcy law. For the reasons set forth below, we affirm the bankruptcy court's ruling in favor of the debtors.

## FACTS AND PRIOR PROCEEDINGS

Emilio and Cynthia Laguna ("debtors") own a single-family dwelling which is both their principal residence and the sole security for their obligation, represented by a promissory note and deed of trust, to Shearson Lehman Mortgage Corporation ("SLMC"), an oversecured creditor. The debtors filed a Chapter 13 petition in bankruptcy after falling six monthly installments behind in their mortgage payments to SLMC.

The debtors submitted a Chapter 13 plan that proposed to resume all current payments to SLMC while paying off the prepetition arrearages over a period not to exceed 36 months. SLMC objected to confirmation of the plan, arguing that its failure to provide for postpetition interest on the prepetition arrearages violated 11 U.S.C. §§ 506(b), 1322(b)(2), and 1325(a)(5) as well as the fifth amendment. The bankruptcy court overruled SLMC's objection and confirmed the plan, noting, *inter alia,* that neither the debtors' promissory note nor their deed of trust provided for any interest on arrearages. SLMC appealed to

1. 11 U.S.C. § 502(b)(2) reads, in relevant part: "[I]f [an] objection to a claim is made, the court ... shall allow such claim in such amount,

the Ninth Circuit Bankruptcy Appellate Panel ("BAP") which affirmed, with one judge dissenting, in a published opinion. *Shearson Lehman Mortgage Corp. v. Laguna (In re Laguna),* 114 B.R. 214 (9th Cir. BAP 1990). This timely appeal followed.

## DISCUSSION

Because we are in as good a position as the BAP to examine a bankruptcy court's rulings, we review all decisions of the BAP *de novo. California State Univ., Fresno v. Gustafson (In re Gustafson),* 934 F.2d 216, 218 (9th Cir.1991).

SLMC argues that both 11 U.S.C. § 506(b), as recently interpreted by the Supreme Court in *United States v. Ron Pair Enters.,* 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989), and 11 U.S.C. § 1325(a)(5)(B)(ii), entitle it to postpetition interest on the debtors' prepetition mortgage arrearages. SLMC further argues that, because the debtors' Chapter 13 plan fails to provide for such interest, it violates both the fifth amendment and 11 U.S.C. § 1322(b)(2)'s prohibition against the modification of the rights of an oversecured creditor whose sole security interest is in a debtor's principal residence. We reject SLMC's arguments.

A debtor's act of filing a petition in bankruptcy bars his creditors, at least temporarily, from asserting any claims for unmatured interest on his unpaid obligations. *See* 11 U.S.C. § 502(b)(2).[1] This general prohibition against the assessment and collection of postpetition interest remains in effect until, *e.g.,* the bankruptcy stay is lifted or, in the context of a Chapter 13 proceeding, the debtor's repayment plan is confirmed by the court.

An exception to this general rule is that an oversecured creditor, *i.e.,* one whose claim is secured by property belonging to the debtor that has a value greater than the claim asserted, *is* ordinarily entitled to postpetition interest on his claim.

except to the extent that ... such claim is for unmatured interest[.]"

11 U.S.C. § 506(b).[2] This general right to postpetition interest is statutory and is based neither on the terms of any agreement between the parties nor on the status of the oversecured creditor's lien being either consensual or nonconsensual. *Ron Pair Enters.*, 489 U.S. at 241, 245, 109 S.Ct. at 1030, 1032. Because the provisions of section 506 apply to Chapter 13 proceedings, *see* 11 U.S.C. § 103(a);[3] *Hougland v. Lomas & Nettleton Co. (In re Hougland)*, 886 F.2d 1182, 1183 (9th Cir.1989) (section 506(a)), an oversecured creditor is ordinarily entitled to an allowance[4] for postpetition interest on its secured claim under Chapter 13.

■ While the above may state the general rule, an oversecured creditor's right to postpetition interest is qualified by, and must be understood in the context of, the interplay that exists between 11 U.S.C. §§ 1322(b) and 1325(a) with respect to modification and cure. *See Seidel v. Larson (In re Seidel)*, 752 F.2d 1382, 1383–86 (9th Cir.1985) (discussing modification and cure under Chapter 13 as applied to secured creditor with interest in debtors' principal residence).

Under Chapter 13 a debtor may *modify* the rights of any secured creditor *except* one whose claim is secured only by a mortgage on the debtor's principal residence. 11 U.S.C. § 1322(b)(2).[5] However, with respect to long-term debts in which the final payment falls due beyond the life of the plan (e.g., mortgages), the debtor may *cure any* existing default. 11 U.S.C. § 1322(b)(5).[6] The Bankruptcy Code only requires that the cure of the default be accomplished "within a reasonable time" and that the regular mortgage payments be maintained. *Id.; see also* 5 Collier on Bankruptcy ¶ 1322.09 at 1322–18 to 1322–19 (15th ed. 1991) ("Collier").

■ The only circuit-level case to address the question of modification versus cure in the context of a Chapter 13 oversecured mortgagee since the Supreme Court's decision in *Ron Pair Enters.* is that of *Landmark Fin. Servs. v. Hall*, 918 F.2d 1150 (4th Cir.1990). In reaching its conclusion that the oversecured creditor was not entitled to postpetition interest on the debtors' prepetition mortgage arrearages, the Fourth Circuit carefully analyzed the distinction between a "cramdown"[7] modification of a secured creditor's rights and a cure of a debtor's default:

> [T]he principal components of a § 1325 cramdown are retention of the lien by the secured creditor and provision for the payment, during the life of the plan, *i.e.*, 3–5 years, of the full value of the secured claim. The cramdown route necessarily involves a modification of the creditor's rights with regard to such factors

---

**2.** 11 U.S.C. § 506(b) reads, in relevant part: "To the extent that an allowed secured claim is secured by property the value of which ... is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim...."

**3.** 11 U.S.C. § 103(a) reads as follows: "Except as provided in section 1161 of this title, chapters 1, 3, and 5 of this title apply in a case under chapter 7, 11, 12, or 13 of this title."

**4.** *See e.g.* 3 Collier on Bankruptcy ¶ 506.05 at 506–43 (15th ed. 1991) ("It is important to recognize that section 506(b) provides only for the *allowance* of postpetition interest ... as part of a secured claim[; i]t does not require the current *payment* of such amounts.") (emphasis in original).

**5.** 11 U.S.C. § 1322(b)(2) reads, in relevant part: "[The debtor's] plan may ... modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence[.]"

**6.** 11 U.S.C. § 1322(b)(5) reads, in relevant part: "[N]otwithstanding paragraph (2) of this subsection, [the debtor's plan may] provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any ... secured claim on which the last payment is due after the date on which the final payment under the plan is due[.]"

**7.** A court will confirm a debtor's Chapter 13 plan if it complies with certain statutory provisions (e.g., it "has been proposed in good faith and not by any means forbidden by law", 11 U.S.C. § 1325(a)(3)) and one of three conditions is met: (1) the secured creditor accepts it; (2) the secured creditor is allowed to retain his lien in the collateral and the present value of the payments to be made under the plan is not less than the allowed amount of the secured creditor's claim; or (3) the debtor abandons the collateral to the secured creditor. 11 U.S.C. § 1325(a)(5). It is the second of these options that is known as a "cramdown", because it can be forced onto a secured creditor without his consent.

as number of payments and the rate of interest. The rights of a creditor whose claim is secured by a mortgage on a debtor's principal residence, however, may not be modified. * * * A cure essentially involves (1) satisfying any arrearages currently due, within a reasonable time, and (2) maintaining regular mortgage payments as they come due. The present value test of the cramdown section[ ] is irrelevant because the creditor's rights have not been modified. Whereas the cramdown route compensates the secured creditor with the present value of his collateral, the cure route reinstates the initial agreement which is the basis of the claim regardless of the value of the collateral.

*Landmark Fin. Servs.*, 918 F.2d at 1154 (citations and internal quotations omitted).

This holding appears to represent the majority rule, both post-*Ron Pair Enters.*, *see e.g. In re Thompson*, 127 B.R. 717, 719 (Bankr.D.Conn.1991); *In re Smith*, 125 B.R. 240, 241–42 (Bankr.W.D.Mo.1991); *In re Adams*, 120 B.R. 517, 519–21 (Bankr. E.D.Mo.1990); *In re Siegfried*, 114 B.R. 358, 359–61 (Bankr.N.D.N.Y.1990); *In re Laguna*, 114 B.R. at 216–18; *In re Penick*, 108 B.R. 776, 779–80 (Bankr.W.D.Okla. 1989); *but see In re Parker*, 125 B.R. 479, 482–83 (Bankr.W.D.Tex.1991); *In re Hall*, 117 B.R. 425, 427–29 (Bankr.S.D.Ind.1990), as well as pre-*Ron Pair. See e.g. Appeal of Capps*, 836 F.2d 773, 777 (3d Cir.1987); *Foster Mortgage Corp. v. Terry (In re Terry)*, 780 F.2d 894, 896–97 (11th Cir. 1985); *In re Kooker*, 106 B.R. 233, 235–36 (Bankr.D.Nev.1989); *In re Brown*, 91 B.R. 19, 22 (Bankr.E.D.Va.1988); *In re Stamper*, 84 B.R. 519, 523 (Bankr.N.D.Ill.1988).

The only reported circuit-level case to hold to the contrary is a divided Sixth Circuit opinion. *See Cardinal Fed. Sav. & Loan Ass'n v. Colegrove (In re Colegrove)*, 771 F.2d 119 (6th Cir.1985). In that case the majority held that a provision in a Chapter 13 plan for payment of postpetition interest on mortgage arrearages did not constitute a modification of the underlying contract. *Id.* at 122–23. Judge Cele-

brezze argued in dissent that a mortgagor's right to cure a default did not require the payment of interest on mortgage arrearage payments which, by their very nature, already included interest. *Id.* at 124. No other circuit has adopted the majority's reasoning in *Colegrove*, and it has been strongly criticized by the leading bankruptcy treatise as well. *See* Collier ¶ 1322.09, at 1322–22–1322–23.

We find the reasoning of the Third, Fourth, and Eleventh Circuits, as well as of Judge Celebrezze in his dissent, to be persuasive and adopt it as the rule of this Circuit. We therefore hold that the BAP did not err by affirming the bankruptcy court's denial of SLMC's request for postpetition interest on the debtors' prepetition arrearages, as their repayment constituted a cure of the default and not a modification of the underlying contract. Because SLMC is not being deprived of its property, either in the form of principal or interest, since the cure merely reinstates the parties' original agreement, we find that there is no fifth amendment violation.

AFFIRMED.