**In re John Jeffrey PETERS, Debtor.**

**MASON–McDUFFIE MORTGAGE CORPORATION, Appellant,**

v.

**John Jeffrey PETERS, Appellee.**

**No. 95–16489.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 1996.

Decided Nov. 25, 1996.

Michael S. Polk, Polk, Scheer & Prober, Tarzana, CA; Matthew Callister, Las Vegas, NV, for appellant.

Geoffrey L. Giles, Reno, NV, for appellee.

Before: NORRIS and KOZINSKI, Circuit Judges, and MOLLOY, District Judge.*

---

\* Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

PER CURIAM.

 In its opinion below, the Bankruptcy Appellate Panel held that mortgage lenders violate the automatic stay, 11 U.S.C. § 362, by continuing to postpone foreclosure sales after confirmation of a debtor's Chapter 13 reorganization plan. *Peters v. Mason McDuffie (In re Peters)*, 184 B.R. 799, 802 (9th Cir.BAP 1995). This reasoning was thoroughly considered and rejected by District Judge Wardlaw in *Barry v. BA Properties, Inc. (In re Barry)*, 201 B.R. 820 (C.D.Cal.1996):

> The Ninth Circuit has held that a creditor may postpone a foreclosure sale after a debtor files a bankruptcy petition without violating the automatic stay. *First Nat'l Bank of Anchorage v. Roach (In re Roach)*, 660 F.2d 1316, 1318 (9th Cir.1981). The rationale supporting this decision is that postponement maintains the *status quo* and does not affect the debtor's substantive rights. *Id.* at 1319. However, the *Roach* court did not address the situation where a postponement occurs after the bankruptcy court has confirmed a Chapter 13 reorganization plan.
>
> . . . .
>
> The Ninth Circuit Bankruptcy Appellate Panel has held that "[t]he confirmation of a chapter 13 plan immediately acts to cure any defaults that are provided for under the plan. The terms of the cure are the payment of the arrearages, but the cure itself is effective immediately unless the plan otherwise provides." *Peters v. Mason–McDuffie Mortgage Corp. (In re Peters)*, 184 B.R. 799, 802 (9th Cir. [BAP] 1995). From this holding it reasoned that under [*Anaheim Sav. & Loan v. Evans (In re Evans)*, 30 B.R. 530 (9th Cir. BAP 1983) ] and [*Ellis v. Parr (In re Ellis)*, 60 B.R. 432 (9th Cir. BAP 1985) ], "[t]he res judicata effect of the confirmed chapter 13 plan eliminate[s] [the creditor's] right to sell ... property based on prepetition (and preconfirmation) defaults." *Id.* at 802. In other words, by curing the default, the confirmation destroys the creditor's right to conduct a foreclosure sale because the default giving rise to the right no longer exists. Under the *Peters* theory, continuing to postpone the foreclosure violates the automatic stay because the creditor is attempting to retain rights that the confirmation has destroyed; it is retaining the opportunity to seek post-confirmation relief from the stay based on grounds arising before confirmation. *Id.; see also Willman v. Pollard (In re Willman)*, 192 B.R. 207, 209–10 (Bankr.D.Ariz.1996) (applying *Peters*).

The problem with this holding is that its basic premises conflict with the plain language of the Code and established Ninth Circuit law. Specifically, the theory that confirmation of a Chapter 13 plan immediately cures defaults is wrong. Section 1322(b)(5) of the Code states that a plan may "provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any ... secured claim on which the last payment is due after the date on which the final payment under the plan is due." 11 U.S.C. § 1322(b)(5). Language allowing a plan to provide for a cure of default "within a reasonable time" is not consistent with the holding that a cure occurs when the bankruptcy court confirms the plan. Indeed, courts interpreting section 1322 have stated that full payment of arrearages is the cure, implying that confirmation of the plan is not. *See Shearson Lehman Mortgage Corp. v. Laguna (In re Laguna)*, 944 F.2d 542, 545 (9th Cir.1991), *cert. denied*, 503 U.S. 966, 112 S.Ct. 1577, 118 L.Ed.2d 219 (1992) (holding that payment of pre-petition arrearages under a Chapter 13 reorganization plan "constituted a cure of default"); *Ellis*, 60 B.R. at 436 (stating that if a Chapter 13 debtor makes payments under her reorganization plan, eliminating an arrearage, "she cures the default on the deed of trust and avoids foreclosure").

[Debtor] argues that section 1327 clarifies section 1322 and establishes that the confirmation is the cure. He asserts that language explaining the effect of a confirmation and stating that (a) "[t]he provisions of a confirmed plan bind the Debtor and each creditor," (b) "confirmation of a plan vests all of the property of the estate in the debtor," and (c) "the property vest-

ing in the debtor is free and clear of any claim or interest of any creditor provided for by the plan" conclusively shows that the confirmation is the cure. 11 U.S.C. § 1327.

[Debtor] is incorrect. The fact that the provisions of the plan bind [debtor] and [creditor] does not show that the confirmation is the cure. Furthermore, the fact that the debtor recovers its property from the bankruptcy estate does not show that confirmation is the cure.

Section 1327(c) is slightly more troublesome because it is poorly worded. However, it too fails to support the theory that confirmation is the cure. The gist of it is that a creditor must be satisfied with the claims and interests that the plan explicitly gives it. *See Lee Servicing Co. v. Wolf (In re Wolf)*, 162 B.R. 98, 106 (Bankr.D.N.J. 1993) ("If a creditor is 'provided for' in the Chapter 13 plan, upon confirmation the property of the estate will vest in the debtor free and clear of liens only to the extent not 'otherwise provided in the plan.'"). A debtor must create a plan within statutory constraints that govern its ability to limit creditor's claims and interests. Section 1322 sets forth rules about constructing a plan and explains what a plan may "provide for" and what it may not "provide for." Under section 1322, a debtor may cure a default by paying the arrearage, not by convincing a bankruptcy court to confirm its plan. Section 1327(c) merely acts as the enabling provision for section 1322. It precludes creditors from asserting rights that section 1322 and the debtor do not give them. But contrary to [debtor]'s arguments, it does not give the debtor the right to create a plan that ignores the claims and interests of creditors that section 1322 explicitly gives to them.

Because confirmation of the reorganization plan does not effect a cure, the positions of the debtor and creditor are fundamentally the same pre- and post-confirmation. The debtor continues to be in default until it pays the arrearage. Thus, the *Roach* court's holding is applicable in the post-confirmation context be-

cause the postponements merely continue to maintain the status quo.

*In re Barry,* 201 B.R. at 822–25, (footnotes omitted).

We are persuaded by Judge Wardlaw's analysis and adopt it as our own. The judgment of the Bankruptcy Appellate Panel is therefore **REVERSED**.