108 F.3d 1385
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Willis L. GORDON; Barbara A. Gordon, Plaintiffs-Appellants,
v.
Eugene E. PATTERSON, individually and as trustee of the San
Vicente Trust; Cal-Western Reconveyance Corp., a
California Corporation, Defendants-Appellees.
 No. 96-55835.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1997.*
Decided March 13, 1997.
 
 Before: SNEED, LEAVY, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Willis and Barbara Gordon appeal the district court's dismissal for lack of subject matter jurisdiction their action seeking declaratory relief with respect to the validity of a foreclosure on their real property by creditor Eugene Patterson. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Wilson v. A.H. Belo Corp., 87 F.3d 393, 396 (9th Cir.1996), and we affirm.
 
 
 3
 The Gordons contend that the district court erred by dismissing their action for lack of subject matter jurisdiction. This contention lacks merit.
 
 
 4
 With respect to relief sought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, we have stated:
 
 
 5
 The use of the declaratory judgment statute does not confer jurisdiction by itself if jurisdiction would not exist on the face of a well-pleaded complaint brought without the use of 28 U.S.C. § 2201. A declaratory judgment plaintiff may not assert a federal question in his complaint if, but for the declaratory judgment procedure, that question would arise only as a federal defense to a state law claim brought by the declaratory judgment defendant in state court.
 
 
 6
 If, however, the declaratory judgment defendant could have brought a coercive action in federal court to enforce its rights, then we have jurisdiction notwithstanding the declaratory judgment plaintiff's assertion of a federal defense. The coercive action, however, must "arise under" federal law, and not be based on merely on diversity of citizenship or another, nonsubstantive jurisdictional statute.
 
 
 7
 Janakes v. United States Postal Service, 768 F.2d 1091, 1093 (9th Cir.1985) (citations omitted). The Gordons' complaint fails to meet this requirement.
 
 
 8
 The Gordons rely on the Bankruptcy Appellate Panel's ("BAP") opinion in Peters v. Mason-McDuffie Mortgage Corp. (In re Peters), 184 B.R. 799 (B.A.P. 9th Cir.1995) to assert subject matter jurisdiction. The Gordons' reliance on Peters is misplaced because we have reversed the BAP's decision in Peters. See Mason-McDuffie Mortgage Corp. v. Peters, 101 F.3d 618, 620 (9th Cir.1996) (per curiam). Because the Gordons fail to assert any other basis for subject matter jurisdiction, the district court did not err by dismissing the Gordons' action.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because of our disposition of this appeal, we need not address the district court's alternative holding that the Gordons were barred by res judicata from raising the application of Peters in their action for declaratory relief