134 F.3d 376
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Darlene Marie CARTER, Plaintiff-Appellant,
v.
U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, Defendant-Appellee.
 No. 96-17237.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 12, 1998.**
Decided Jan. 15, 1998.
 
 Before BROWNING, KLEINFELD, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Darlene Carter appeals pro se the district court's dismissal of her challenge to a HUD foreclosure sale of her personal residence for failure to state a claim upon which relief can be granted. She contends that the sale was invalid because: (1) HUD did not give her proper notice; (2) it did not re-notice her after her bankruptcy case was dismissed; and (3) the subsequent renewal of the bankruptcy case invalidated the foreclosure sale. We have jurisdiction under 28 U.S.C. § 2409a and affirm.
 
 
 3
 Here the district court heard testimony, examined documents and found for HUD. We thus review de novo its grant of summary judgment under Fed.R.Civ.P. 56 rather than Rule 12(b)(6). We determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the court correctly applied the relevant substantive law. Covey v. Hollydale Mobilehome Estates, 116 F.3d 830, 834 (9th Cir.), amended, 125 F.3d 1281 (9th Cir.1997).
 
 1. Notice
 
 4
 Carter contends that HUD did not give proper notice under Nev.Rev.Stat. 21.130.1(c)(1) and 107.080.3, which provide that notice should be sent via registered or certified mail to the debtor. She complains that notice was sent to the wrong zip code, that no evidence of registration exists, and that a bankruptcy court order lifting an automatic stay on the sale listed the wrong property
 
 
 5
 These alleged defects do not create an issue of material fact. The notice letters were addressed properly. HUD's mailing matrix lists the wrong zip code and the correct zip code, implying that more than one letter was sent out, one with the correct zip code. The receipt for certified mail contains no address, but it is attached to an affiant's statement that notice was mailed. HUD is not required to prove that notice was actually received. Turner v. Dewco Serv., Inc., 479 P.2d 462 (Nev.1971) Its actions were sufficient.
 
 
 6
 Although a bankruptcy court order listed the wrong property, a deed for the correct property was attached to the order and Carter doesn't argue that she was confused; she argues incorrectly that the technical defect is fatal. She knew that the automatic stay was lifted on her property.
 
 2. Re-notice After Bankruptcy Dismissal
 
 7
 Days before the originally scheduled foreclosure sale, Carter filed for Chapter 13 bankruptcy. As a result, HUD postponed the foreclosure sale until after the bankruptcy case was dismissed. Carter says that HUD should have re-noticed her after the dismissal.
 
 
 8
 She is incorrect. Because HUD originally gave proper notice outside of bankruptcy, it could and did postpone the sale by oral proclamation, absent special circumstances. McLaughlin v. Mutual Bldg. & Loan Ass'n, 60 P.2d 272, 275 (Nev.1936). There were no special circumstances: no evidence of procedural irregularities exists, Carter doesn't assert that she or other bidders were unaware of the sale, and the postponements were made for her benefit. See Golden v. Tomiyasu, 387 P.2d 989, 992 (Nev.1963). A postponement during bankruptcy does not violate an automatic stay. In re Peters, 101 F.3d 618, 619-20 (9th Cir.1996); In re Roach, 660 F.2d 1316, 1318-19 (9th Cir.1981).
 
 
 9
 3. Effect of Vacated Dismissal of Bankruptcy
 
 
 10
 In June 1995, the bankruptcy court dismissed Carter's Chapter 13 bankruptcy. In August, HUD held the foreclosure sale. In October, the bankruptcy court vacated its June dismissal order. In December 1995, HUD sought to evict Carter but faced an automatic stay from the bankruptcy proceedings. The bankruptcy court soon lifted the stay, finding that the foreclosure sale was valid.
 
 
 11
 Carter contends that the October 1995 order, which permitted her Chapter 13 bankruptcy to proceed, related back to her original bankruptcy filing date and thus invalidated the August foreclosure sale. This is incorrect because the dismissal "revests the property ... in the entity in which such property was vested immediately before the commencement of the case," 11 U.S.C. § 349(b)(3), subject to all the encumbrances that existed prior to bankruptcy. In re Nash, 765 F.2d 1410, 1414 (9th Cir.1985).
 
 
 12
 Carter knew she was outside of bankruptcy when the foreclosure sale was held. When she again commenced Chapter 13 proceedings, the property was no longer part of her estate. See In re De Jesus Saez, 721 F.2d 848, 851-52 (1st Cir.1983) (holding that dismissal lifted automatic stay and permitted foreclosure sale even where dismissal later reconsidered); In re Weston, 110 B.R. 452, 457 (E.D.Cal.1989), aff'd, 962 F.2d 596 (9th Cir.1992) (holding that foreclosure sale after dismissal was not violation of automatic stay even where dismissal was reversed on appeal and bankruptcy reinstated). The sale was therefore valid. AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3